# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

**2022 CA 0684**
**2022 CW 0960**

## FLORIDA GAS TRANSMISSION COMPANY, LLC

### VERSUS

## TEXAS BRINE COMPANY, LLC, ET AL.

Judgment Rendered: **MAR 0 8 2023**

* * * * *

**Appealed from the**
**23rd Judicial District Court**
**In and for the Parish of Assumption**
**State of Louisiana**
**Docket Number 34,316**

**The Honorable Thomas J. Kliebert, Jr., Ad Hoc Judge Presiding**

* * * * *

<table>
<tr><td>Leopold Z. Sher<br>James M. Garner<br>Peter L. Hilbert, Jr.<br>Darnell Bludworth<br>New Orleans, Louisiana<br><br>Travis J. Turner<br>Gonzales, Louisiana<br><br>Ulysses Gene Thibodeaux<br>Lake Charles, Louisiana</td><td>Attorneys for Appellant/Relator<br>Texas Brine Company, LLC</td></tr>
<tr><td>Roy C. Cheatwood<br>Kent A. Lambert<br>Adam B. Zuckerman<br>Leopoldo J. Yanez<br>Colleen C. Jarrott<br>Matthew C. Juneau<br>Lauren Brink Adams<br>New Orleans, Louisiana</td><td>Attorneys for Appellee/Respondent<br>Legacy Vulcan, LLC</td></tr>
</table>

* * * * *

**BEFORE: WELCH, WOLFE, and GREENE, JJ.**

Wolfe, J. Concurs and assigns reasons.

**PER CURIAM:**

This is one of many appeals arising from the August 2012 sinkhole that appeared near Bayou Corne in Assumption Parish. Here, Texas Brine Company, LLC, challenges the district court's January 6, 2022 partial summary judgment that dismissed with prejudice its fraud and concealment/omission claims against Legacy Vulcan, LLC, due to issue preclusion.

In **Pontchartrain Natural Gas System v. Texas Brine Company, LLC,** 2022-0594 (La. App. 1 Cir. 1/20/23), ___ So.3d ___ (2023 WL 334027), another panel of this court considered and decided the same issues raised in this appeal, and affirmed an identical partial summary judgment rendered by the same district court judge, on the same date, concerning the same parties, and dismissing the same claims. After careful review, we find no material distinctions between the evidence and arguments raised in this appeal and those presented in **Pontchartrain,** including whether issue preclusion under *res judicata* applies when certain contractual claims have not yet been adjudicated, whether Legacy Vulcan proved all of the elements of issue preclusion, and whether exceptional circumstances would justify relief from the effects of *res judicata.* Under the law of the circuit doctrine, we are bound to follow **Pontchartrain** and affirm the January 2, 2022 partial summary judgment. See **Crosstex Energy Services, LP v. Texas Brine Company, LLC,** 2022-0447 (La. App. 1 Cir. 11/4/22), ___ So.3d ___, ___ (2022 WL 16705744, *2), writs denied, 2022-01768 (La. 2/7/23), ___ So.3d ___ (2023 WL 1793824) and 2022-01769 (La. 2/7/23), ___ So.3d ___ (2023 WL 1793449); **Labarre v. Occidental Chemical Company,** 2019-0624 (La. App. 1 Cir. 2/19/20), 2020 WL 813269, *1 (unpublished).

Texas Brine also filed a writ application with this court (2022 CW 0960) that was referred to this panel for review, seeking review of the district court's July 19, 2022 denial of its motion for partial summary judgment regarding Legacy Vulcan's

liability as an intentional tortfeasor for Texas Brine's damages. As in **Pontchartrain**, we decline to exercise our supervisory jurisdiction and deny the writ. <u>See</u> **Pontchartrain**, ___ So.3d at ___ n.1.

This summary disposition is issued in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2(A)(2) and (6). All costs of this appeal are assessed to Texas Brine Company, LLC.

**JANUARY 6, 2022 JUDGMENT AFFIRMED; WRIT DENIED.**

3

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0684
2022 CW 0960

FLORIDA GAS TRANSMISSION COMPANY, LLC

VERSUS

TEXAS BRINE COMPANY, LLC, ET AL.

WOLFE, J., concurring.

Bound by the law of the circuit doctrine to follow this court's decision in **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2022-0594 (La. App. 1 Cir. 1/20/23), ___ So.3d ___ (2023 WL 334027), I am constrained to concur in the result reached by the majority. I write separately to express that I respectfully disagree with the legal analysis and determination in **Pontchartrain** that *res judicata* bars litigation of Texas Brine's contractual fraud claims against Legacy Vulcan.

Texas Brine concedes that Legacy Vulcan's tortious fraud and withholding of information was addressed during Phase One; however, I find that those claims were addressed *only* to the extent that they affected the tortious allocation of fault between the parties, which was the stated scope of Phase One—"determining what caused the sinkhole to form and which parties, if any, were at fault under any theory of law for causing the formation of the sinkhole." Those claims were not essential to the determination of the Phase One liability judgment and were considered only in relation to an affirmative defense. Thus, I would find that Texas Brine's claims against Legacy Vulcan for contractual fraud and intentional omission/concealment regarding inducement into and performance of various contracts and operating

1

agreements were not conclusively adjudicated by the district court during the Phase One liability trial. At the very least, I would find that there is some doubt as to whether or not these contractual fraud claims were conclusively adjudicated during Phase One, which precludes summary judgment.

With regard to Texas Brine's writ application that was referred to this panel for review in conjunction with this appeal, I find that the district court was correct in its denial of Texas Brine's motion for partial summary judgment. Based on three isolated references to Legacy Vulcan's "intentional" withholding of various emails, documents, and reports that appear in this court's Phase One liability opinion, Texas Brine claims Legacy Vulcan was adjudicated an intentional tortfeasor. See **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-1249 (La. App. 1st Cir. 12/30/20), 317 So.3d 715, writs denied, 2021-00382, 2021-00386 (La. 6/8/21), 317 So.3d 323. Thus, Texas Brine moved for summary judgment, arguing that Legacy Vulcan's "intentional" actions preclude application of the comparative fault principles set forth in La. Civ. Code art. 2323 and that Texas Brine is entitled to judgment finding Legacy Vulcan responsible for 100% of Texas Brine's damages.

"Intent" refers to the consequences of an act rather than to the act itself, meaning that a person (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. See **Bazley v. Tortorich**, 397 So.2d 475, 481 (La. 1981). While in the Phase One liability opinion this court referenced Legacy Vulcan's withholding of certain documentation and omission of email paragraphs as "intentional," this court did not adjudicate Legacy Vulcan an intentional tortfeasor as Texas Brine suggests. This court made no finding that Legacy Vulcan consciously desired the formation of the sinkhole or knew to a substantial certainty that the sinkhole would occur.

2

Rather, this court affirmed the district court's allocation of 15% comparative fault to Legacy Vulcan, which establishes the fallacy of Texas Brine's current argument. Texas Brine is not entitled to summary judgment holding Legacy Vulcan liable as an intentional tortfeasor for Texas Brine's damages; therefore, I believe the district court's July 19, 2022 ruling was correct.